UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sentrell Wilson, #271970, a/k/a Sentell Wilson,<br><br>Petitioner,<br><br>v.<br><br>State of South Carolina,<br><br>Respondent. | C/A No. 9:12-200-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

Sentrell Wilson ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] On January 23, 2012, Petitioner alleged he was confined by the South Carolina "Department of Probation, Parole & Pardon." Pet. 1, ECF No. 1. However, he provided no address whatsoever for himself. Thus, this Court entered an order on February 8, 2012, which directed Petitioner to provide, in addition to the filing fee, his current address. *See* Order, ECF No. 6. On March 7, 2012, Petitioner provided the Clerk of Court with his address, 228 Upper Beaver Creek Drive, Moore, SC, 29369, which is not a prison address. *See* ECF No. 8.

The South Carolina Department of Probation, Parole and Pardon Services' website reveals Petitioner was listed as an active offender on community supervision from April 1, 2010, until January 30, 2012, the supervision end date. *See* South Carolina Department of Probation, Parole and Pardon Services, http://www.dppps.sc.gov/ (enter "supervised offender search," enter

---

[1] This is Petitioner's first § 2254 habeas action.



"Sentell Wilson" and "view") (last visited March 22, 2012).[2] Thus, at this time Petitioner is no longer a supervised offender.

Petitioner alleges he entered a guilty plea on January 18, 1999, in state court to armed robbery and assault and battery of a high and aggravated nature, and he received a sentence of forty (40) years imprisonment on June 24, 1999. Pet. 1. He alleges he did not file a direct appeal, and he filed a post conviction relief ("PCR") action in 2001, which was denied on March 12, 2004. Pet. 2. Petitioner alleges he appealed the PCR action and relief was denied on November 12, 2006. Pet. 3. He further alleges that he filed a petition for writ of certiorari to the South Carolina Supreme Court, which was denied on April 5, 2007. *Id.*

Petitioner alleges the following grounds for relief: (1) the court "did not have jurisdiction to re-sentence considering the first one was never imposed"; and (2) "denial of access to the Court" because the state allegedly ignored the trial court and imposed an unlawful sentence on its own. Pet. 5–7. He requests this Court to reverse and vacate his state sentence with prejudice. Pet. 14.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following

---

[2] The court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *see also Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009).



precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319, 322 (1972). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Discussion

A petition for a writ of habeas corpus pursuant to § 2254 may only be brought by a person "in custody pursuant to the judgment of a State court...." *See* 28 U.S.C. § 2254. The person does not have to be in prison to meet the "in custody" requirement. *See Brown v. Warden of Lieber Corr. Inst.*, C/A No. 4:08-2469-GRA, 2009 WL 2150339, at *4 (D.S.C. July 15, 2009). "If he is subject to any 'restraints on a man's liberty, restraints not shared by the public generally,' he is considered to be 'in custody.'" *Id.* At the time Petitioner filed this action on January 23, 2012, he alleged that he was in custody of the South Carolina Department of Probation, Parole and Pardon Services, and it appears from that agency's website that he was an active offender on community supervision. However, it appears that on January 30, 2012, the state's supervision of Petitioner



ended, and Petitioner's current address is not a prison address. In this habeas action, Petitioner challenges only his sentence, and he does not allege that he is subject to collateral consequences. Thus, once Petitioner completed his sentence and was released from custody, this action became moot. *See Lane v. Williams*, 455 U.S. 624, 630-31 (1982); *Wallace v. Jarvis*, 423 F. App'x 328 (4th Cir. 2011) (in a § 2254 action, where a prisoner challenged the calculation of his release date, had been released from custody, and did not allege any collateral consequences, the appeal was moot); *Brown v. Warden of Lieber Corr. Inst.*, C/A No. 4:08-2469-GRA, 2009 WL 2150339, at *4 (D.S.C. July 15, 2009) (dismissing § 2254 petition as moot because the petitioner, who attacked his sentence, had been released unconditionally from custody). Therefore, this action should be summarily dismissed as moot.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Petition without prejudice and without requiring the Respondent to file an answer.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 28, 2012
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).